IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LASHAUNNA AIKENS, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 21-642 |
| | ) |
| v. | ) Judge Cathy Bissoon |
| | ) |
| KERR ELEMENTARY SCHOOL, | ) |
| | ) |
| Defendants. | ) |

## **ORDER OF DISMISSAL**

For the reasons that follow, Plaintiff's Complaint will be dismissed pursuant to the screening provisions in 28 U.S.C. § 1915.

Plaintiff has been granted leave to proceed *in forma pauperis* ("IFP"), and the Complaint is subject to the screening provisions in 28 U.S.C. § 1915(e). *See* Atamian v. Burns, 2007 WL 1512020, *1-2 (3d Cir. May 24, 2007) ("the screening procedures set forth in [Section] 1915(e) apply to [IFP] complaints filed by prisoners and non-prisoners alike") (citations omitted). Among other things, the statute requires the Court to dismiss any action where the plaintiff has failed to state a claim upon which relief may be granted. *See* Muchler v. Greenwald, 624 Fed. Appx. 794, 796-97 (3d Cir. Aug. 18, 2015). IFP-screening incorporates the pleading standards annunciated in the Supreme Court decisions in *Iqbal* and *Twombly*, which require a complaint to contain sufficient factual allegations "to state a claim [for] relief that is plausible on its face." Maxberry v. Sallie Mae Educ. Loans, 532 Fed. Appx. 73, 75 (3d Cir. Jul. 25, 2013) (citing and quoting *Iqbal* and *Twombly*, emphasis added).

Plaintiff is no stranger to this Court, having filed numerous meritless and/or frivolous lawsuits, absent the payment of filing fees, over the course of months and years. *See* Aikens v.

Circle K, 2021 WL 2073773, *2 n.1 (W.D. Pa. May 24, 2021) (collecting Plaintiff's most-recently dismissed cases). In fact, the undersigned recently cautioned Plaintiff that, should she continue to file frivolous lawsuits, "she will be ordered to show cause why she should not be sanctioned under Rule 11." *See* Mem. Order dated May 20, 2021 in Civil Action No. 21-433 (W.D. Pa.). Plaintiff also now is advised that, should she continue along the referenced course, she also may be subject to the entry of a vexatious-litigant order, which would require her to obtain permission from the Court before filing future lawsuits.

In any event, the instant lawsuit was filed before Plaintiff received such warnings; and the Court, therefore, will restrict its discussions to the matter at hand. Plaintiff again is warned, however, that future filings will be subject to continued scrutiny.

Plaintiff purports to bring a *Bivens* action, against federal officials, despite none being named as a defendant. *See* Compl. (Doc. 3). That aspect of her case is frivolous, and will not be discussed further. She also purports to bring a Section 1983 claim against the Defendant school/school district, *see id.*, and the sum total of her allegations are as follows.

Plaintiff alleges that "they filed claims of neglect via stomach 3rd print issues [unintelligible symbol] minor & also stated truancy." *Id.* "[She] was a single mother of [her] surrogate son and they made serious false legal claims." *Id.* Plaintiff claims that the resulting injury was her being "in a side-swipe car incident that [led] to [her] trip at St. Margaret's and they recommended a 302," presumably, an involuntary psychiatric commitment, and "[her] mental health was current." *Id.* Her only request for relief is to "[r]emove the court record." *Id.*

These allegations do not support a plausible claim for relief. Even if the Court could decipher what allegedly was done, by whom, and to whom, there is no legal theory under which the resulting injury – a car accident and Plaintiff's presumed involuntary commitment – causally may be linked to the conduct of which she complains. Nor is there reason to believe that the remedy sought, a "remov[al]" of unspecified court records, is achievable in this forum.

Plaintiff's lawsuit is subject to dismissal under 28 U.S.C. § 1915, and there is no reason to believe that the deficiencies are curable by amendment.  The case, therefore, is dismissed with prejudice.

IT IS SO ORDERED.

August 18, 2021                                                         s/Cathy Bissoon
                                                                        Cathy Bissoon
                                                                        United States District Judge

cc (via First-Class U.S. Mail):

LaShaunna Aikens
406 Short Canal Street
Pittsburgh, PA  15215